STATE OF CONNECTICUT *v.* JAMES BROWN

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued January 8—decided January 28, 1969

*Ralph F. Scofield,* special public defender, for the appellant (defendant).

*Otto J. Saur,* state's attorney, for the appellee (state).

HOUSE, J. The finding of facts in this case, which is not subject to any material correction, discloses that the defendant was indicted by a grand jury on a charge of murder in the first degree. He was represented by the public defender and entered a plea of not guilty. Subsequently, on October 18, 1967, when the case was reached for trial and while he was represented by two public defenders, the defendant appeared and changed his plea to guilty of murder in the second degree. The import of his plea had been fully explained to him by his attorneys, and, before the change in plea was permitted by the court, it questioned him at length about the

voluntariness of his proposed plea and his comprehension of its effect. The court thereupon accepted the change of plea and continued the case for disposition pending receipt of the report of the mandatory presentence investigation.

After the defendant had been returned to jail and pending receipt of the presentence report, he caused to be written to the office of the attorney general a letter in which he indicated that his change of plea was made involuntarily. The letter came to the attention of the presiding judge of the Superior Court who thereupon ordered that the defendant be returned to court for a hearing as to the cause of his dissatisfaction. At this hearing, the defendant claimed that he had not understood the proceedings at the time he changed his plea and that his changed plea was not voluntarily made but resulted from the overpersuasiveness of counsel. He stated that he wished to vacate his guilty plea and wanted to have new counsel appointed to represent him.

The court thereafter appointed a fourth and special public defender to confer with the defendant. This counsel filed an application on behalf of the defendant which alleged that the defendant was not guilty of the crime to which he had entered a plea of guilty and applied for permission to withdraw the plea. After a full hearing, during which the court heard testimony from the defendant and from two of the special public defenders who had represented the defendant, as well as received exhibits in evidence, heard a summary of the state's case and heard arguments of counsel, the court denied the defendant's application to withdraw his guilty plea. The court thereupon imposed sentence, and from the judgment rendered the defendant has appealed. The decisive assignments of error relate to the

court's denial of the defendant's application for permission to withdraw his plea of guilty.

In denying the defendant's application for permission to withdraw his plea of guilty to murder in the second degree, the court based its decision on certain conclusions which it enumerated in detail. These were: the defendant had sufficient mental capacity to enter a voluntary plea; he was "exposed to possible electrocution in the event the court should allow a withdrawal of the plea of guilty"; he had more than adequate representation by counsel; no importuning was used to induce him to change his plea to guilty; from the court's own observation, the plea was freely and voluntarily made; and the averments relating to the involuntary nature of his change of plea were not entitled to credit on the basis of the evidence and the court's observations in the course of several court appearances by the defendant. Also, on the basis of its finding of facts, the court concluded: "Justice was served not only for the State but for the defendant himself because of the gravity of the situation and the exposure that might await him if his motion to withdraw his plea of guilty to Second Degree Murder had been granted." The defendant claims that the court erred in reaching this conclusion, asserting that the facts set forth in the finding do not support it.

This court has never attempted to lay down specific guidelines for the assistance of a trial court in deciding the merits of an application to withdraw a plea in a criminal case. Indeed, since of necessity each case must depend on its own facts and circumstances, it is doubtful that any hard and fast rule can be laid down which will fit every case. 22 C.J.S. 1142, Criminal Law, § 421(2). Many of the innumerable cases discussing the relevant considera-

tions are collected in annotations in 20 A.L.R. 1445 and 66 A.L.R. 628, entitled "Right to withdraw plea of guilty."

In accord with the great weight of authority, we have held that a guilty plea once entered cannot, in the absence of a statute permitting it, be withdrawn except by leave of court, and it lies within the sound discretion of the court to permit it to be done. *State* v. *Dennis,* 150 Conn. 245, 246, 188 A.2d 65; *State* v. *Carta,* 90 Conn. 79, 82, 96 A. 411; *State* v. *Maresca,* 85 Conn. 509, 83 A. 635. In the *Carta* case, the court said: "We suppose that the universal practice in this State has been for the court to exercise that discretion in favor of the accused, and to permit him to change his plea and have a jury decide the question of his guilt." The United States Supreme Court cited the *Maresca* case in support of its holding in *Kercheval* v. *United States,* 274 U.S. 220, 224, 47 S. Ct. 582, 71 L. Ed. 1009, that "[t]he court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just."

It is obvious from the finding in the present case that the court was decisively influenced by its own judgment as to what plea would serve the best interests of the defendant and its appreciation of the extreme and perhaps fatal consequences of a not guilty plea to an indictment charging murder in the first degree in the light of the state's representation as to its available proof. Since a trial on the merits may still ensue, we refrain from any discussion of the strength of the state's case as represented by the state's attorney. It suffices to note that, if its case is as thus represented, there was good cause for the court's concern for "the gravity of the situation

and the exposure that might await" the defendant if his application to withdraw his plea of guilty to murder in the second degree was granted.

We conclude, however, that the decision as to whether the risks inherent in a change of plea should be undertaken is a decision which should be made by the defendant himself and not by the court, no matter how well-intentioned the court's decision may be. The court found that the defendant's mental capacity is good and that he received excellent advice and counsel from his attorneys. None of the usual reasons to deny such an application appears to be present in this case. It does not appear that the application was unseasonably made, that it was motivated by an attempt at delay, or that the granting of the application would unreasonably delay the cause or impede justice or otherwise prejudice the state. Under all these circumstances, in exercising its judicial discretion, the court should have left the decision as to a plea to the defendant and followed "the universal practice in this State . . . for the court to exercise that discretion in favor of the accused, and to permit him to change his plea and have a jury decide the question of his guilt." *State* v. *Carta,* supra.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.