STATE OF CONNECTICUT *v.* DARRYL A. BUGBEE

HOUSE, C. J., COTTER, THIM, SHAPIRO and LOISELLE, Js.

Argued October 12—decided November 5, 1971

*Herbert Watstein,* for the appellant (defendant).

*Joseph D. Harbaugh,* special assistant chief prosecuting attorney, with whom, on the brief, was *R. Patrick McGinley,* assistant prosecuting attorney, for the appellee (state).

COTTER, J.  On December 1, 1969, the defendant pleaded guilty to a violation of § 53-76 of the General Statutes, breaking and entering with criminal intent, and the case was continued by the court for the purpose of a presentence investigation and report.  On February 9, 1970, the defendant, when he appeared for sentencing, moved to withdraw his plea of guilty and for an examination by a physician to determine drug dependency.  Both motions were denied and a sentence of 180 days in jail was imposed.  The defendant was represented by counsel of his own choice at all times during the proceedings. He took an appeal to the Appellate Division of the Circuit Court.  The defendant assigned error, inter alia, in that he was allowed "to plead guilty to a charge of breaking and entering with criminal intent, § 53-76 General Statutes, without an affirmative showing on the record that the plea was offered

voluntarily and understandingly and without the court's canvassing this matter with the defendant." Error was also assigned in the denial of the defendant's motion to withdraw his plea of guilty. Further error, not applicable here, was also claimed by the defendant. The Appellate Division of the Circuit Court found no error in the judgment, proceedings and decisions of the trial court. It held that the plea was voluntary and made with the defendant's knowledge of its consequence. This court granted the defendant certification for appeal from that decision, limited to the questions raised under *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, and *State* v. *Brown,* 157 Conn. 492, 255 A.2d 612.

The defendant claims that there was no affirmative showing on the record that his plea was offered voluntarily and understandingly and with the court canvassing the matter with him. He relies on the holding in *Boykin* v. *Alabama,* supra, 242, which mandated the standard that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea intelligently, understandingly and voluntarily, and this statement of that court: "It was error, plain on the face of the record, for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary." Although the *Boykin* case does not state what the record must disclose for it to be considered sufficient in that regard, the United States Supreme Court stated (p. 243) that several federal constitutional rights are involved in a waiver that takes place when a guilty plea is entered. These rights include the fifth-amendment guarantee against compulsory self-incrimination, and the sixth-amendment rights to a trial by jury and to confront one's

accusers. These amendments now govern state court proceedings by virtue of the United States Supreme Court's interpretation of the due process portion of the fourteenth amendment. *Duncan* v. *Louisiana,* 391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491; *Pointer* v. *Texas,* 380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923; *Malloy* v. *Hogan,* 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653. That court held that these important federal rights cannot be presumed to be waived from a silent record and stated that the "question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards." That court further stated at page 244 of the *Boykin* opinion that it is the function of the judge to canvass the matter with the accused to make certain he has a full understanding of what the plea connotes and of its consequence so that there is an adequate record for review. The plea of guilty by the defendant must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. *North Carolina* v. *Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162.

A plea of guilty is in effect a conviction and the equivalent of a finding of guilty by a jury and a court should not allow a defendant to enter such a plea until the court is satisfied that it is freely made and that the party making it understands its purport and effect. *State* v. *Carta,* 90 Conn. 79, 81, 82, 96 A. 411; 21 Am. Jur. 2d, Criminal Law, § 486; see *Kercheval* v. *United States,* 274 U.S. 220, 223, 47 S. Ct. 582, 71 L. Ed. 1009.

At the time of the defendant's plea of guilty in this case the record discloses that the following took place: The clerk read to the defendant the statutory title of the crime with which he was charged

and the defendant said: "Guilty." The defendant's counsel then requested that the clerk read the section number of the statute which the defendant was charged with violating. The clerk thereupon read the section number and asked the defendant: "How do you plead?" The defendant replied: "Guilty." No questions were asked of the defendant by the judge regarding this guilty plea. This court indicated in *Consiglio* v. *Warden,* 160 Conn. 151, 164, 165, 276 A.2d 773, that the rule in *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274, does not render invalid a conviction based on a guilty plea when there were facts in the record on the basis of which a reasonable presumption could be made that the plea was intelligent and voluntary. The record in the *Consiglio* case, supra, 164, 165, disclosed that the plaintiff was questioned at length by the trial judge and it was ascertained that his plea was made after a discussion with the public defender. The trial judge also ascertained from Consiglio the factual basis of the charge that he was a third offender. These factors, in conjunction with several others, led the court to conclude (p. 164) that the record in the case was not "a silent record." [1] The record in the present case does not reveal any facts from which a reasonable conclusion could be drawn that the plea was intelligent and voluntary. Nothing was ascertained from the defendant regarding his plea and the court did not inquire into the factual basis of the plea. The record in this case can be characterized as a "silent record" and

[1] It should be noted that although the court did not consider the record in the *Consiglio* case to be clearly deficient under the *Boykin* rule, it found no need to resolve that issue in that it held that the *Boykin* rule had only prospective application and, therefore, did not affect cases determined prior to June 2, 1969, the date of the *Boykin* decision. *Consiglio* v. *Warden,* supra, 165.

does not comply with constitutional standards as determined in the *Boykin* case. Since this decision is dispositive of the defendant's appeal there is no need to discuss his other assignments of error.

To insulate from attack convictions obtained after a plea of guilty, the trial court is best advised to conduct an on-the-record examination of the defendant which will disclose, inter alia, a full understanding of what the plea connotes and of its consequence, and which will demonstrate that the plea of guilty was entered intelligently, knowingly and voluntarily. *Commonwealth ex rel. West* v. *Rundle,* 428 Pa. 102, 105–106, 237 A.2d 196; see *Boykin* v. *Alabama,* supra, 244 n.7.

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.