STATE OF CONNECTICUT *v.* DONALD J. SLATER

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued January 10—decision released July 1, 1975

*Roger J. Frechette,* for the appellant (defendant).

*William F. Gallagher,* special assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

LONGO, J. In the first part of a two-part information containing ten counts, the defendant was charged with three counts of kidnapping (General Statutes § 53-27), three counts of binding with intent to commit crime (General Statutes § 53-19), three counts of robbery with violence (General Statutes § 53-14), and one count of theft of a motor vehicle (General Statutes § 53-57). The second part of the information charged the defendant with being a second offender, because he had previously been convicted, sentenced and imprisoned for the crimes of kidnapping and robbery with violence.

The numerous proceedings before the court in this case necessitate the following recitation: On March 18, 1970, the defendant, represented by his court-appointed special public defender, Attorney Robert E. Reilly, pleaded not guilty to the first part of the information and elected a trial by jury. On August 26, after the jury had been selected and after prior negotiations, but before any evidence was taken, and pursuant to consultation with his counsel, a recommendation of a sentence of not less than nine nor more than twenty-five years was accepted by the defendant. After a thorough interrogation by the court (*Grillo, J.*), the defendant pleaded guilty to the fifth and tenth counts of the

first part of the information, and he entered a plea of guilty to being a second offender on the second part. The court made a finding that the pleas were entered voluntarily and with full understanding of the offenses charged, including that of being a second offender, and accepted the guilty pleas, ordered a presentence investigation and continued the matter to September 11 for sentencing. On September 11, the defendant appeared with his counsel and filed a pro se motion to withdraw his guilty pleas. The court (*Palmer, J.*) interrogated the defendant at length and then continued the matter in order to examine the transcript of the hearing before Judge Grillo. Subsequently, Attorney Roger J. Frechette was appointed as special public defender specifically to represent the defendant on his motion to withdraw his pleas of guilty. On August 6, 1971, the court (*Healey, J.*), after hearing, denied the defendant's motion to vacate the pleas of guilty. On September 23, the court (*LaMacchia, J.*) imposed the previously recommended sentence of not less than nine nor more than twenty-five years, to run concurrently with a sentence the defendant was then serving. This appeal is taken from the denial of the defendant's motion to "reopen" the judgment and to allow the defendant to withdraw his pleas of guilty.

The briefed assignments of error relate to (1) the claimed failure of the court (*Palmer, J.*) to warn the defendant of his "Miranda type" rights, to appoint new counsel and to continue the case for another hearing when the court was informed that the defendant and his counsel did not agree that the defendant should withdraw his guilty pleas and enter pleas of not guilty; (2) the court's denial (*Healey, J.*) of the motion to "reopen" the judg-

ment and vacate the guilty pleas which had been accepted by Judge Grillo; and (3) rulings on evidence at the hearing before Judge Healey.

## I

Mere disagreement between counsel and client is not sufficient reason to require the court to terminate summarily the attorney-client relationship, absent a request by counsel or the accused or a judgment of the trier that the representation was no longer tenable in view of the disagreement and would not be in the best interest of the accused. It is sufficient to note that the defendant had counsel who had appeared for him and there was no withdrawal of his appearance—as well as no request for other or new counsel. See *LaReau* v. *Warden,* 161 Conn. 303, 309, 288 A.2d 54. Accordingly, the court did not commit error in interrogating the defendant further after he informed the court of the reasons and circumstances which prompted his pro se motion to reinstate his former not guilty pleas, namely, that he was "pretty well upset"; that he only had a five minute recess within which to make his decision; that he felt he was under a threat of a long sentence if he proceeded to a trial; that he felt that he was not guilty of the charges; and that he had made a bad choice in pleading guilty. The court should not be faulted for conducting an inquiry relating to the viability of the attorney-client relationship. Nor is there merit to the defendant's claim that the court was required to warn the defendant of his rights when his counsel informed the court that he did not recommend a change of plea, since no evidence was adduced which could have prejudiced the trial of his case, and since the client still had the benefit of being represented by counsel.

## II

The defendant further claims that the court abused its discretion on August 6, 1971, by refusing to "reopen" the judgment and by not allowing the defendant to withdraw his guilty pleas and enter pleas of not guilty. In accordance with the great weight of authority, a guilty plea once entered cannot be withdrawn except by leave of the court, and the decision lies within the sound discretion of the court. *United States* v. *Fernandez,* 428 F.2d 578 (2d Cir.); *Szarwak* v. *Warden,* 167 Conn. 10, 23–24, 355 A.2d 49; *State* v. *Dukes,* 157 Conn. 498, 255 A.2d 614; *State* v. *Brown,* 157 Conn. 492, 496, 255 A.2d 612; *State* v. *Dennis,* 150 Conn. 245, 246, 188 A.2d 65. The defendant has the burden of satisfying the court that there are grounds for a withdrawal of the guilty pleas. See *Vena* v. *Warden,* 154 Conn. 363, 367, 225 A.2d 802. In *State* v. *Brown,* supra, 496, this court held that it was error for a trial court to base its decision on whether a plea of guilty should be withdrawn upon its evaluation of what it felt was in the best interests of the client, even if the risks taken by the defendant in electing trial were severe. The case reinforced the proposition that it is in the sound discretion of the trial court whether to permit the withdrawal of a guilty plea. "This court has never attempted to lay down specific guidelines for the assistance of a trial court in deciding the merits of an application to withdraw a plea in a criminal case. Indeed, since of necessity each case must depend on its own facts and circumstances, it is doubtful that any hard and fast rule can be laid down which will fit every case." Id., 495. In reviewing the record, we noted that "[n]one of the usual reasons to deny such an

application appears to be present in this case. It does not appear that the application was unseasonably made, that it was motivated by an attempt at delay, or that the granting of the application would unreasonably delay the cause or impede justice or otherwise prejudice the state." Id., 497. Thus *Brown* did not operate to shift the burden upon the state to show why an application to withdraw a guilty plea should not be granted, but suggested reasons that could be advanced which may operate to influence the discretion of the court in that direction. *United States* v. *Lombardozzi*, 436 F.2d 878, 881 (2d Cir.), cert. denied, 402 U.S. 908, 91 S. Ct. 1379, 28 L. Ed. 2d 648. See *United States* v. *Webster*, 468 F.2d 769, 771 (9th Cir.), cert. denied, 410 U.S. 934, 93 S. Ct. 1385, 35 L. Ed. 2d 597; *Hawk* v. *United States*, 340 F.2d 792, 795 (D.C. Cir.). Furthermore, *Brown* conforms to the applicable section of the American Bar Association's Standards Relating to Pleas of Guilty set forth in a footnote.[1]

The record must show, however, that the plea of guilty was entered intelligently and voluntarily. *Boykin* v. *Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274. The material findings, which were supported by evidence printed in the appendix to the defendant's brief, show that on August 20, 1970,

---

[1] "2.1 Plea withdrawal. (a) The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice. . . . (b) In the absence of a showing that withdrawal is necessary to correct a manifest injustice, a defendant may not withdraw his plea of guilty or nolo contendere as a matter of right once the plea has been accepted by the court. Before sentence, the court in its discretion may allow the defendant to withdraw his plea for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea." American Bar Association, Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 2.1.

after the selection of the jury, and following a recess, the defendant's counsel informed the court that he had consulted with his client and a decision had been made for a change of pleas. The defendant stated to the court that he wished to change his pleas and proceeded to enter pleas of guilty to the three charges. The court inquired of the defendant whether (1) he understood that he was pleading guilty to being a second offender and that the statute provided for an increase in the punishment provided for a first offender; (2) he was advised by his counsel as to the maximum penalty for each charge; (3) he understood that the court was not bound by any agreement between his counsel and the state's attorney as to penalty; (4) he was entering the pleas voluntarily and of his own free will; (5) he was, by his pleas of guilty, giving up his right to a trial by jury or by the court; and (6) he understood that he would be entitled to the benefit of counsel. To each of these questions the defendant answered, "Yes, sir." Finally, the court asked whether the defendant wished any of the statutes concerning the charges to be read. He replied that he was not too familiar with the second offender charge pertaining to car theft (General Statutes § 54-118), which was then read to him by his counsel. Thereupon, the defendant twice informed the court that he understood the statute. The court accepted the pleas of guilty, concluding that the pleas were entered voluntarily, with full understanding of the offenses charged including the second offender charge, and after adequate and effective assistance of counsel.

These conclusions must stand unless they are legally and logically inconsistent with the facts found or unless they involve the application of

some erroneous rule of law material to the case. *Johnston Jewels, Ltd.* v. *Leonard,* 156 Conn. 75, 79, 239 A.2d 500. Under the circumstances of the proceedings on three occasions before ·the court, the record clearly and affirmatively shows that the pleas of guilty were entered intelligently and voluntarily as required by the holding in *Boykin* v. *Alabama,* supra. *State* v. *Bugbee,* 161 Conn. 531, 533, 290 A.2d 332. The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. *United States* v. *Webster,* supra. A mere mistake in judgment is not sufficient. See *Consiglio* v. *Warden,* 160 Conn. 151, 160, 276 A.2d 773. The defendant was faced with a maximum of 315 years confinement, if convicted of all charges. It is well settled, however, that a guilty plea is not involuntary simply because it was motivated by a hope of getting a lesser sentence. See *Brady* v. *United States,* 397 U.S. 742, 751, 90 S. Ct. 1463, 25 L. Ed. 2d 747; *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162.

## III

The defendant has assigned error to the admission by Judge Healey of the transcript of the proceedings before Judge Palmer. The motion to vacate the guilty pleas was heard by Judge Healey on August 6, 1971. At that hearing, the state called Attorney Reilly to testify as a witness. Both Attorney Frechette and Attorney Reilly objected, on the ground that the testimony would be in violation of the attorney-client privilege existing between the defendant and Attorney Reilly. Before the court ruled thereon, the state offered the transcript of the hearing before Judge Palmer. Again, the defendant objected on the sole

ground of the attorney-client relationship. The court overruled the objection and admitted the transcript into evidence. The defendant assigns error to the court's ruling. The transcript contained a recording of the entire proceeding before Judge Palmer, at which time the defendant filed a pro se motion to vacate his pleas of guilty, and Attorney Reilly informed the court that the defendant's motion was against his recommendation. The defendant's claim that Attorney Reilly's statements made to Judge Palmer thereafter were in violation of the attorney-client privilege is without merit. One of the essential elements of the claim of attorney-client privilege is that the communication be confidential. *Turner's Appeal,* 72 Conn. 305, 318, 44 A. 310. To be entitled to the privilege, however, the proffered evidence must meet the qualifications prescribed by the rule. *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 581, 102 A.2d 345. The disclosure to the court that the defendant's action was contrary to the attorney's recommendation cannot be considered a violation of the attorney-client privilege. It was elicited for the purpose of determining the viability of that relationship. Furthermore, an investigation as to the voluntariness of a guilty plea, where the behavior by the defendant's attorney is attacked, cannot be frustrated by the party raising the issue. *Laughner* v. *United States,* 373 F.2d 326, 327 (5th Cir.). We conclude that the court was not in error in admitting the transcript into evidence.

We have reviewed the remaining assignment of error with respect to the court's ruling on evidence. Even if the court's ruling were erroneous, it does not appear that it was harmful to the defendant and hence it was not reversible error.

There is no error.

In this opinion HOUSE, C. J., LOISELLE and MacDonald, Js., concurred.

BOGDANSKI, J. (dissenting). The defendant should have been permitted to withdraw his pleas of guilty. The facts of this case are almost identical to those of *State* v. *Brown,* 157 Conn. 492, 255 A.2d 612. The pleas of guilty were entered just before trial; the court questioned the defendant about the "voluntariness" of the pleas before accepting them; and shortly thereafter, but prior to sentencing, the defendant changed his mind, claiming that the pleas were not voluntary because he did not understand the proceeding and because counsel was overly persuasive. The motion to withdraw the pleas was not unseasonably made and there was no indication that it was motivated by an attempt to delay or that the state had been prejudiced. "Under all these circumstances, in exercising its judicial discretion, the court should have left the decision as to a plea to the defendant and followed 'the universal practice in this State . . . for the court to exercise that discretion in favor of the accused, and to permit him to change his plea and have a jury decide the question of his guilt.' *State* v. *Carta,* . . . [90 Conn. 79, 82, 96 A. 411]." *State* v. *Brown,* supra, 497.

By rejecting the guidelines set forth in *State* v. *Brown,* supra, and by falling back on the naked proposition that the decision "lies within the sound discretion of the trial court," the majority opinion leaves the judges of.this state without any standards or guidelines on plea withdrawal. This can only lead to arbitrary and inconsistent rulings which

may cause some defendants to feel that they have been dealt with unfairly. "There are obvious reasons, from a correctional standpoint, why a defendant should be satisfied that he was treated fairly when he arrives at the penitentiary." A.B.A. Standards Relating to Pleas of Guilty (Approved Draft, 1968) § 3.3 (b), commentary at Sup. p. 2.

A guilty plea is "perhaps the most devastating waiver possible under our Constitution." *Dukes* v. *Warden,* 406 U.S. 250, 258, 92 S. Ct. 1551, 32 L. Ed. 2d 45 (concurring opinion of Stewart, J.). It involves a waiver of the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. *Boykin* v. *Alabama,* 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274; *State* v. *Bugbee,* 161 Conn. 531, 533, 290 A.2d 332. When an accused changes his mind shortly after waiving those constitutional rights, claiming that he was confused and under pressure and that he didn't understand what he was doing, the court should show solicitude for the defendant and allow him to undo the waiver, especially when there is no prejudice to the state and no attempt to delay the proceeding. *State* v. *Brown,* supra. " 'Any requirement that a defendant prove the "merit" of his reason for undoing this waiver would confuse the obvious difference between the withdrawal of a guilty plea before the government has relied on the plea to its disadvantage, and a later challenge to such a plea, on appeal or collaterally, when the judgment is final and the government clearly has relied on the plea.' " *Szarwak* v. *Warden,* 167 Conn. 10, 49, 355 A.2d 49 (opinion concurring in part and dissenting in part by Bogdanski, J.), citing *Dukes* v. *Warden,* supra (concurring opinion of Stewart, J.).

50

I would find error, set aside the judgment and remand the case with direction to grant the motion to withdraw the guilty pleas.