## STATE OF CONNECTICUT *v.* JOHN BATTLE

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued January 8—decision released March 30, 1976

*Thomas F. Brown,* special public defender, with whom, on the brief, was *John W. Kline,* special public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

BARBER, J.  In a two-count information, the defendant was charged, in the first count, with possession of heroin with intent to sell in violation of

General Statutes § 19-480 (a), and, in the second count, with possession of heroin in violation of General Statutes § 19-481 (a). Upon a plea of guilty to the second count, the defendant was sentenced to a term of not less than two or more than five years, and the state nolled the first count. The defendant has appealed from the judgment rendered, assigning as error the court's denial of his motion to withdraw his plea of guilty.

The subordinate facts appearing in the court's finding are not disputed. On February 22, 1972, the defendant entered a plea of not guilty to each count of the information and elected to be tried by a jury. On June 6, 1972, after the commencement of trial but before a jury had been selected, the defendant indicated a desire to change his plea to the second count. After questioning the defendant concerning his contemplated change of plea, the court (*Cohen, J.*) accepted a plea of guilty to the second count and ordered a presentence investigation. On July 21, 1972, the case came before the court (*Mulvey, J.*) for sentencing and the defendant informed the court that he wished to withdraw his guilty plea. The case was continued in order to obtain a transcript of the June 6 proceeding. On August 24, 1972, the court (*O'Sullivan, J.*) denied the defendant's motion to withdraw his guilty plea.

The transcript of the June 6 proceeding, relied upon by the court in denying the defendant's motion, has been incorporated, in pertinent part, in that court's finding. It reveals that, upon being informed of the defendant's desire to enter a plea of guilty to the second count, the court (*Cohen, J.*) questioned the defendant to determine the voluntariness of the proposed plea. After the court had accepted the guilty plea, the following colloquy occurred:

The Court:  Just before I conclude, will you just tell me what took place at the time you were arrested?

Mr. Battle:  The officer came in—a man.

The Court:  An officer came to the apartment where you were?

Mr. Battle:  Into the bedroom.

The Court:  And what happened?

Mr. Battle:  Another man was in the bedroom. He wanted to shoot somebody.

The Court:  Are you an addict also and a user?

Mr. Battle:  At that time I was a user.

The Court:  And what did the officer find you with?

Mr. Battle:  A knife under the cover.

The Court:  What about the narcotics that was present, were you working on some narcotics?

Mr. Battle: No, sir.

The Court:  Then what were you doing?

Mr. Battle:  Sitting there and watching.  He put it in a little container with water and he was going to cook it up and shoot it.

The Court:  He was putting it in the container?

Mr. Battle:  In the container.

The Court:  And you were there present with him?

Mr. Battle:  Yes.

The Court:  All right.  The matter may be continued for presentence investigation to July 14th.

The defendant's motion to withdraw his guilty plea was predicated upon his claim that he was not guilty of the offense.  His statement to the probation

officer who prepared the presentence report indicates that he "took the weight" because he was told by his lawyer that if he entered a plea of guilty "they would let the other people go."[1] In denying the motion the court concluded (1) that the defendant's guilty plea had been entered as a result of plea negotiations with the state whereby the defendant would plead guilty to the lesser charge of possessing heroin and would not be prosecuted for the charge of possessing heroin with intent to sell; (2) that the plea bargain did not encompass any agreed-upon sentence to be submitted to the court or any agreement whereby codefendants would not be prosecuted; and (3) that an individual accused of a crime may voluntarily, knowingly and understandingly consent to the imposition of a prison sentence even if he is unwilling to admit his participation in the acts constituting the crime.

The defendant challenges the conclusions reached by the trial court. A trial court's conclusions are tested by the subordinate facts found. *Kerin* v. *Udolf,* 165 Conn. 264, 267, 334 A.2d 434; *State* v. *Villafane,* 164 Conn. 637, 638, 325 A.2d 251. The subordinate facts disclose that at the time the guilty plea was entered no agreement had been made concerning a recommended sentence. But there is no affirmative finding to support the court's conclusion that the defendant's plea was based on an agreement with the state whereby the defendant would plead guilty to the second count and the state would

---

[1] The defendant, another man named Calvin Tyson, and two women had all been arrested following a police search of a New Haven apartment which uncovered a quantity of narcotics. Tyson, who had entered a plea of guilty to related charges prior to the June 6 proceeding, is apparently "the other man" referred to in the colloquy with the court. The two women are apparently "the other people" referred to in the presentence report.

nolle the first count. Although the state claims that the plea was based on such an agreement, there is nothing in the record to support its claim. The record is silent as to the reason or reasons why the defendant entered his plea of guilty.

In order for a plea of guilty to withstand appellate or postconviction review, the record must affirmatively disclose that the defendant entered such a plea voluntarily and intelligently. *Boykin* v. *Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274; *State* v. *Bugbee,* 161 Conn. 531, 533, 290 A.2d 332; see *Consiglio* v. *Warden,* 160 Conn. 151, 165, 276 A.2d 773. In this case, the record amply supports the court's conclusion that the defendant voluntarily entered his plea, but it does not affirmatively disclose that the plea represented a knowing and "intelligent choice among the alternative courses of action open to the defendant." See *North Carolina* v. *Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162.

A plea of guilty is in effect a conviction and the equivalent of a finding of guilty by a jury. *Machibroda* v. *United States,* 368 U.S. 487, 493, 82 S. Ct. 510, 7 L. Ed. 2d 473; *State* v. *Carta,* 90 Conn. 79, 81, 96 A. 411. The entry of a plea of guilty waives the constitutional right to a trial by jury, the right to confront accusers, and the privilege against compulsory self-incrimination. *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418; *People* v. *Moore,* 50 Ill. 2d 24, 276 N.E.2d 319. "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy* v. *United States,* supra, 466.

In this case, the questioning by the court stopped short of eliciting a factual basis for the plea. Inten-

tional dominion and control over the heroin accompanied by a knowledge of its character was an element of the crime charged in the second count of the information. *State* v. *Avila,* 166 Conn. 569, 572, 353 A.2d 776; *State* v. *Harris,* 159 Conn. 521, 531, 271 A.2d 74, cert. dismissed, 400 U.S. 1019, 91 S. Ct. 578, 27 L. Ed. 2d 630. One who is merely present when a crime is being committed by another is not necessarily a participant or accessory. *State* v. *Teart,* 170 Conn. 332, 336, 365 A.2d 1200; *State* v. *Laffin,* 155 Conn. 531, 536, 235 A.2d 650; *State* v. *Pundy,* 147 Conn. 7, 11, 156 A.2d 193; *State* v. *Enanno,* 96 Conn. 420, 425, 114 A. 386. The defendant only admitted to the court that he was present when the other had possession of heroin. In the absence of any further questioning of the defendant by the court, the court had no means of testing whether the plea was being intelligently entered. If the defendant had been questioned further, the reason subsequently given for his plea of guilty might have been exposed. It is immaterial that, in view of the offense charged and the evidence claimed by the state, a plea of guilty might have been in the best interests of the defendant. The decision to plead guilty was for the defendant himself to make. *State* v. *Brown,* 157 Conn. 492, 497, 255 A.2d 612.

A guilty plea is not invalid simply because it is motivated by the defendant's desire to accept the certainty or possibility of a lesser penalty, rather than face the possibility of a greater penalty after trial. *Brady* v. *United States,* 397 U.S. 742, 751, 90 S. Ct. 1463, 25 L. Ed. 2d 747; *LaReau* v. *Warden,* 161 Conn. 303, 309, 288 A.2d 54. As pointed out in *North Carolina* v. *Alford,* 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162, "The standard was and

remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant."

If the questioning of a defendant to determine whether a plea of guilty represents a voluntary and intelligent choice and waiver of rights is to have any meaning, the answers elicited from the defendant in open court should be something more than a mouthing of platitudes. The record should show either a factual basis for the defendant's plea of guilty, or that he has advanced for consideration by the court some valid and plausible reason for entering a plea of guilty. The record in this case shows neither. "Because of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, see, e.g., *Griffin* v. *United States,* 132 U.S. App. D.C. 108, 110, 405 F.2d 1378, 1380 (1968); *Bruce* v. *United States,* [126 U.S. App. D.C. 336, 342, 379 F.2d 113, 119 (1967)]; *Commonwealth* v. *Cottrell,* 433 Pa. 177, 249 A.2d 294 (1969); and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence. See, e.g., *People* v. *Serrano,* 15 N.Y.2d 304, 308–309, 206 N.E.2d 330, 332 (1965); *State* v. *Branner,* 149 N.C. 559, 563, 63 S.E. 169, 171 (1908). See also *Kreuter* v. *United States,* 201 F.2d 33, 36 (CA 10 1952)." *North Carolina* v. *Alford,* supra, 38 n.10.

Previous decisions of this court have held that "once entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it

appears that there has been an abuse of discretion"; *Szarwak* v. *Warden,* 167 Conn. 10, 23, 355 A.2d 49; and that "[t]he burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." *State* v. *Slater,* 169 Conn. 38, 46, 362 A.2d 499; see also *State* v. *Giorgio,* 169 Conn. 624, 629, 363 A.2d 1024; *State* v. *Brown,* supra, 495. Those statements, however, apply only to the withdrawal of pleas which are valid in the first instance. In the present case, the record before the sentencing court was insufficient to support a finding that the defendant's guilty plea was "voluntary and intelligent." Since the record failed to show that the plea was valid, the withdrawal of that plea was not a question within the discretion of the court. "Discretion means 'a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. In a plain case this discretion has no office to perform, and its exercise is limited to doubtful cases, where an impartial mind hesitates.'" *Hammerberg* v. *Leinert,* 132 Conn. 596, 604, 46 A.2d 420.

There is error, the judgment is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.