## STATE OF CONNECTICUT *v.* ANTHONY RISH
## (6748)
## (6749)

DUPONT, C. J., SPALLONE and FOTI, Js.

Argued October 7, 1988—decision released February 7, 1989

*John R. Williams,* with whom, on the brief, was *Alok Ahuja,* law student intern, for the appellant (defendant).

*Mitchell S. Brody,* deputy assistant state's attorney, with whom, on the brief, was *Jane Emons,* former assistant state's attorney, for the appellee (state).

DUPONT, C. J. In two companion cases, the defendant appeals from the denial by the trial court of his motions to withdraw his pleas entered pursuant to the *Alford* doctrine.[1]

In the first case, the defendant was charged with one count of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1)[2] and one count of risk of injury to a minor in violation of General Statutes § 53-21.[3] The state claimed that the defendant had sexual intercourse with the minor victim on a regular basis, from 1980, when she was eight years old, to 1986. In the second case, the defendant was charged with one count each of a violation of the same statutes. This charge concerned the five year old cousin of the first victim.

---

[1] A plea of guilty pursuant to *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), allows a defendant in a criminal case to consent to punishment as if he were guilty without an express acknowledgement of guilt.

[2] General Statutes § 53a-71 provides in pertinent part: "(a) A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age . . . ."

[3] General Statutes § 53-21 provides in pertinent part: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that . . . its morals [are] likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten years or both."

After the trial court was satisfied that there was a sufficient factual basis for the pleas; Practice Book § 713;[4] and had canvassed the defendant pursuant to Practice Book §§ 711 and 712,[5] it accepted the defendant's pleas. The court entered findings of guilty as to each count and set a sentencing date. Prior to the sentencing date, the defendant secured new counsel and filed written motions to withdraw his pleas pursuant to Practice Book §§ 720 and 721,[6] which the trial court

[4] "[Practice Book] Sec. 713. [PLEA OF GUILTY OR NOLO CONTENDERE— ACCEPTANCE]— —FACTUAL BASIS

"The judicial authority shall not accept a plea of guilty unless he is satisfied that there is a factual basis for the plea."

[5] "[Practice Book] Sec. 711.— —ADVICE TO DEFENDANT

"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

"[Practice Book] Sec. 712. [PLEA OF GUILTY OR NOLO CONTENDERE— ACCEPTANCE]— —INSURING THAT THE PLEA IS VOLUNTARY

"The judicial authority shall not accept a plea of guilty or nolo contendere without first determining, by addressing the defendant personally in open court, that the plea is voluntary and is not the result of force or threats or of promises apart from a plea agreement. The judicial authority shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the prosecuting attorney and the defendant or his counsel."

[6] "[Practice Book] Sec. 720.— —WHEN ALLOWED

"A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof

denied. The defendant was sentenced on all four counts to a total effective sentence of ten years, to be suspended after six years, with five years probation. A condition of his probation was that he receive psychiatric counseling and sex offender treatment.

On appeal, the defendant claims that the trial court erred in denying the motions to withdraw his *Alford* pleas because (1) he was not informed of the precise amount of the fines that could be imposed for violations of General Statutes § 53-21, and therefore the court failed to determine that he fully understood the maximum possible sentence on the charge, (2) the trial court failed to elicit anything more than simple "yes" and "no" responses from the defendant during the plea canvass, (3) the trial court refused to find that the defendant's pleas resulted from the denial of effective assistance of counsel pursuant to Practice Book § 721 (4), (4) the pleas were not knowingly and intelligently made because they were entered without the knowledge that a potential witness for the state was in custody, and (5) the trial court failed to permit the pleas to be with-

---

of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

"[Practice Book] Sec. 721.——GROUNDS

"The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

drawn although there was no evidence that the state would have suffered any prejudice.

A guilty plea, once accepted, cannot be withdrawn except with the permission of the court, within its sound discretion, and a denial of a motion to withdraw a plea is reversible only if it appears that there has been an abuse of discretion. *Szarwak* v. *Warden,* 167 Conn. 10, 23, 355 A.2d 49 (1974). The defendant bears the burden of showing a plausible reason for the withdrawal of a plea of guilty. *State* v. *Battle,* 170 Conn. 469, 475–76, 365 A.2d 1100 (1976); *State* v. *Slater,* 169 Conn. 38, 46, 362 A.2d 499 (1975). A trial court is required to permit the withdrawal of a plea of guilty upon proof of any of the grounds set forth in Practice Book § 721. *State* v. *Collins,* 207 Conn. 590, 597, 542 A.2d 1131 (1988); *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970 (1983).

## I

The defendant's first claim is that the trial court erred in denying the motions to withdraw his guilty pleas entered pursuant to the *Alford* doctrine because the court failed to inform him of the precise amount of the fines that could be imposed for violations of General Statutes § 53-21, and therefore failed to ensure that the defendant fully understood the maximum possible sentence on the charge, as required by Practice Book § 711 (4).[7] Practice Book § 721 (1) provides that a motion to withdraw a plea of guilty may be granted if "[t]he plea was accepted without substantial compliance with [Practice Book] Sec. 711." Practice Book

[7] At the hearing on the motions to withdraw his pleas, the defendant argued that the trial court erred in not advising him personally of the mandatory minimum sentence that could be imposed. Practice Book § 711 (2). This claim evades meaningful appellate review because counsel has not briefed this claim. We therefore consider this claim waived. *Czarnecki* v. *Plastics Liquidating Co.,* 179 Conn. 261, 262 n.1, 425 A.2d 1289 (1979).

§ 711 (4) requires that the defendant be advised of the maximum possible sentence.

In the present case, the court informed the defendant that fines could be imposed in addition to a maximum penalty of forty years. The court also explicitly reviewed with the defendant the precise sentences that could be imposed in accordance with the parameters of his plea bargain. In addition, the court informed the defendant that if the plea agreement were not followed he would be allowed to withdraw his pleas. Nothing in the plea bargain contemplated a fine. Accordingly, the failure of the trial court to inform the defendant of the precise amount of the fines that could have been imposed, on the facts of this case, does not constitute defective compliance with Practice Book § 711 (4).

## II

The defendant next claims that the court's failure to elicit responses other than "yes" or "no" from the defendant during the canvass of the pleas invalidates his guilty pleas entered pursuant to the *Alford* doctrine. This claim was not raised in the trial court. Ordinarily, the defendant's failure to raise a timely claim of error to the trial court renders the claim unreviewable on appeal. *State* v. *Badgett,* 200 Conn. 412, 417, 512 A.2d 160, cert. denied, 479 U.S. 940, 107 S. Ct. 423, 93 L. Ed. 2d 373 (1986). " 'Only in the most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been raised or decided in the trial court.' *State* v. *Evans,* 165 Conn. 61, 69, 327 A.2d 576 (1973). We have recognized, however, as an 'exceptional circumstance' within this doctrine, certain claims involving colorable deprivations of fundamental constitutional rights." *State* v. *Badgett,* supra. To the extent that the defendant's claim implicates the failure of the trial court to ensure that the defendant's pleas were entered voluntarily; see *Boykin*

v. *Alabama*, 395 U.S. 238, 243, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969); his claim is properly reviewable despite the absence of a timely claim of error before the trial court. *State* v. *Badgett*, supra, 418; see also *State* v. *Schaeffer*, 5 Conn. App. 378, 381, 498 A.2d 134 (1985).

Single word responses to court questions at plea taking do not ordinarily render the plea involuntary. *State* v. *Torres*, 182 Conn. 176, 178–84, 438 A.2d 46 (1980). *State* v. *Bugbee*, 161 Conn. 531, 536, 290 A.2d 332 (1971), explicated the standards for reviewing whether single word responses demonstrate that a defendant's plea was entered intelligently, knowingly and voluntarily. "To insulate from attack convictions obtained after a plea of guilty, the trial court is best advised to conduct an on-the-record examination of the defendant which will disclose, inter alia, a full understanding of what the plea connotes and of its consequence and which will demonstrate that the plea of guilty was entered intelligently, knowingly and voluntarily." Id. "If a fair reading of the record satisfies the standards set down in *Bugbee*, the guilty plea will withstand a constitutional attack based on facial invalidity." *State* v. *Torres*, supra, 182. The transcript of the trial court's plea canvass unequivocally demonstrates that the requisite constitutional standards for the acceptance of guilty pleas were met.

The defendant mistakenly relies on rule 11 of the Federal Rules of Criminal Procedure and the cases decided thereunder for the proposition that single word responses invalidate guilty pleas. *United States* v. *Dayton*, 604 F.2d 931, 941–43 (5th Cir. 1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1080, 63 L. Ed. 2d 320 (1980), however, makes it clear that single word responses do not necessarily render guilty pleas constitutionally infirm. Moreover, federal cases construing and applying rule 11 "are of persuasive . . . not controlling,

authority." *State* v. *Godek,* 182 Conn. 353, 359, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981).

## III

The defendant next claims that the trial court erred in denying his motions to withdraw his guilty pleas entered pursuant to the *Alford* doctrine because it refused to find that the defendant's pleas resulted from the denial of the effective assistance of counsel without holding an evidentiary hearing.[8] Citing Practice Book § 721 (4), which provides for withdrawal of guilty pleas on the ground of ineffective assistance of counsel, the defendant urges this court to remand this issue to the trial court for an evidentiary hearing.

Generally, " 'a claim of ineffective assistance of counsel is more properly pursued on a petition for new trial or on a petition for a writ of habeas corpus rather than on direct appeal.' " *State* v. *Leecan,* 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986), quoting *State* v. *Mason,* 186 Conn. 574, 578–79, 442 A.2d 1335 (1982). "It is preferable that all of the claims of ineffective assistance, those arguably supported by the record as well as others requiring an evidentiary hearing, be evaluated by the same trier in the same proceeding." *State* v. *Leecan,* supra. *Leecan,* however, did not address the precise issue in this case, namely, whether the trial court erred in declining to hold an evidentiary hearing on the question of whether a defendant's pleas entered pursuant to the *Alford* doctrine resulted from

---

[8] The court stated that: "The record [of the plea canvass] is replete with the questioning by this court of your client concerning the advice of his counsel and the satisfaction of that advice. And the record certainly shows his answers to those questions were appropriate and he acknowledged that he was satisfied with the advice of his attorney and that he was following that advice."

the denial of effective assistance of counsel under the provisions of Practice Book § 721 (4). The transcript of the hearing on the motions to withdraw the pleas indicates that the trial court was aware of the distinction between the *Leecan* preference and the ground of ineffective assistance of counsel as a basis for withdrawal of guilty pleas pursuant to Practice Book § 721 (4).[9]

At the hearing on the motions to withdraw his pleas, the defendant argued that his attorney did not inform him of the collateral consequences of entering guilty pleas pursuant to the *Alford* doctrine, thereby rendering his pleas involuntary. Cf. *North Carolina* v. *Alford,* 400 U.S. 25, 29 n.3, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The defendant contends that his attorney should have informed him that his *Alford* pleas would constitute admissions against interest in collateral civil proceedings initiated by the victims' families, whereas pleas of nolo contendere would not.

Although the defendant's attorney may not have informed the defendant of the collateral consequences, if any, of entering guilty pleas pursuant to the *Alford* doctrine, as opposed to pleas of nolo contendere, only where "such allegations furnish a basis for withdrawal of the plea under § 721 and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, [is] an evidentiary hearing . . . required." (Footnote omitted.) *State* v. *Torres,* supra, 185–86.

The defendant's allegation that he was denied the effective assistance of counsel because counsel did not inform him of the collateral consequences of his pleas

---

[9] The court stated to the defendant's attorney that: "Some of the things you mentioned, Mr. Williams, may very well be matters that can be brought up on a habeas corpus action. You might even want to take an appeal on my refusal to allow you to withdraw the pleas."

in a civil proceeding does not constitute a basis for withdrawal of the plea under § 721 (4). A guilty plea under the *Alford* doctrine is a "judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." *State* v. *Palmer,* 196 Conn. 157, 169 n.3, 491 A.2d 1075 (1985). In *North Carolina* v. *Alford,* supra, the United States Supreme Court treated such guilty pleas as the "functional equivalent" of a plea of nolo contendere. *State* v. *Palmer,* supra n.3; *State* v. *Pena,* 16 Conn. App. 518, 533, 548 A.2d 445 (1988). "A plea of nolo contendere has the same legal effect as a plea of guilty on all further proceedings *within the indictment. . . .* The only practical difference is that the plea of nolo contendere may not be used against the defendant as an admission in a subsequent criminal or civil case." (Emphasis added; citations omitted.) *State* v. *Martin,* 197 Conn. 17, 20–21 n.7, 495 A.2d 1028 (1985). As a guilty plea under the *Alford* doctrine is the "functional equivalent" of a plea of nolo contendere, an *Alford* plea may not be used against the defendant as an admission in a subsequent civil case. *State* v. *Pena,* supra. Accordingly, as a matter of law, the defendant cannot maintain the foregoing as a basis for withdrawal of the plea under § 721 (4). *State* v. *Torres,* supra, 185–90.

Further, the record of the plea proceeding conclusively establishes that the defendant's pleas pursuant to the *Alford* doctrine were entered knowingly, intelligently and voluntarily. "[F]or a plea to be knowing and intelligent, the record must show that the federal constitutional standards were satisfied . . . and that there was substantial compliance with Practice Book § 711. . . . There is no requirement, however, that the defendant be advised of every possible consequence of such a plea." (Footnote and citations omitted.) *State*

v. *Gilnite,* 202 Conn. 369, 383, 521 A.2d 547 (1987). The record of the plea proceedings demonstrates that the federal constitutional standards were satisfied and that there was substantial compliance with Practice Book § 711. The defendant's claim that his pleas were not knowing and voluntary because counsel failed to inform him of the nonexistent collateral consequences of his *Alford* plea is therefore without merit. Accordingly, the trial court did not err in failing to hold an evidentiary hearing on this issue.

## IV

The defendant next argues that his pleas of guilty entered pursuant to the *Alford* doctrine were involuntary because the state failed, before the defendant entered his pleas, to disclose information about a potential state's witness, namely, that the witness was in state custody and therefore any testimony by him could have been subject to state influence.[10] The crux of the defendant's claim appears to be that, but for the omission of this information, the defendant would not have pleaded guilty under the *Alford* doctrine because this information could have been used to impeach the state's witness at trial.

In *Brady* v. *Maryland,* 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), the United States Supreme Court stated that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." "Impeachment evidence as well as exculpatory evidence falls within *Brady's* definition of evidence favorable to an accused.

---

[10] The state, at the hearing on the motions to withdraw the defendant's pleas, stated that the "witness" would not have been used as a prosecution witness "under any circumstances in any event." The state also claimed that the defendant was aware of the witness, and that the defendant knew the witness was in the custody of the state.

*United States* v. *Bagley,* 473 U.S. 667, 676, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985); *Giglio* v. *United States,* 405 U.S. 150, 154–55, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *Brady* v. *Maryland,* supra, 87; *United States* v. *Polizzi,* 801 F.2d 1543, 1553 (9th Cir. 1986)." *State* v. *Pollitt,* 205 Conn. 132, 142, 531 A.2d 125 (1987). "[E]vidence required to be disclosed must be disclosed at a time when it can be used." *State* v. *Pollitt,* 199 Conn. 399, 414, 508 A.2d 1 (1986), on remand, 205 Conn. 132, 531 A.2d 125 (1987).

The defendant is not entitled to impeachment evidence about a state's witness *until* the witness has been called by the state and has testified on direct examination. Practice Book § 744.[11] Here, the witness was obviously never called to testify by the state, and therefore the defendant was not entitled to information about the criminal "charges pending against the witness known to the prosecuting attorney." Id. The claimed *Brady* material sought by the defendant could not have been used unless, and until, the witness was called to testify. Accordingly, the state had no obligation to disclose the information before the defendant entered his pleas of guilty pursuant to the *Alford* doctrine. As the defendant was not entitled to this information until trial, the unavailability of the information did not render the defendant's pleas involuntary.

V

Relying on federal cases, the defendant finally claims that the trial court should have permitted the with-

[11] "[Practice Book] Sec. 744. [DISCLOSURE BY THE PROSECUTING AUTHORITY—DISCLOSURE AT JUDICIAL DISCRETION] —— ——PRIOR RECORD OF WITNESSES

"After a witness called by the state has testified on direct examination, the prosecuting authority shall disclose any record of felony convictions of the witness known to the prosecuting authority and any record of felony or misdemeanor charges pending against the witness known to the prosecuting authority."

drawal of his pleas because the state would not have suffered any prejudice from their withdrawal. The federal standard for presentence withdrawal motions, derived from dictum in *Kercheval* v. *United States,* 274 U.S. 220, 224, 47 S. Ct. 582, 71 L. Ed. 1009 (1927), is any "fair and just" reason. The fair and just reason test has received different interpretations.[12] The prevailing view in the federal courts, however, as stated in *United States* v. *Saft,* 558 F.2d 1073, 1083 (2d Cir. 1977), is that there is no occasion to inquire into the matter of prejudice unless the defendant first shows a sufficient reason for being allowed to withdraw his plea.[13] We are persuaded by that view. Although a trial court may, in the exercise of its discretion, consider whether the state will suffer any prejudice in the event that the plea is withdrawn, that consideration does not eliminate the requirement that the defendant must first show a basis for withdrawing the guilty plea under Practice Book § 721. As demonstrated by parts I through IV of this opinion, the defendant failed to make that showing.

There is no error.

In this opinion the other judges concurred.

---

[12] The minority view is represented by *United States* v. *Savage,* 561 F.2d 554, 556 (4th Cir. 1977) (any desire to withdraw the plea before sentence suffices so long as the prosecution fails to establish that it would be prejudiced by the withdrawal).

[13] See Y. Kamisar, W. LaFave & J. Israel, Modern Criminal Procedure (6th Ed. 1986) p. 1239.