TODD LAVIGNE *v.* WARDEN, STATE PRISON
(9015)

DUPONT, C. J., FOTI and LANDAU, Js.

Argued December 5, 1990—decision released January 29, 1991

*Louis S. Avitabile,* special public defender, with whom, on the brief, was *Denise Dishongh,* for the appellant (petitioner).

*Jack W. Fischer,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Dennis O'Connor,* senior assistant state's attorney, for the appellee (respondent).

FOTI, J. The petitioner appeals from the judgment dismissing his petition for a writ of habeas corpus. He claims that the habeas court incorrectly determined that his plea of guilty was made in a knowing, voluntary and intelligent manner.[1] We affirm the judgment of the habeas court.

The following facts are relevant. On January 27, 1986, the petitioner was sentenced after a conviction, following a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70, to a term of eighteen years suspended after fourteen years followed by five years of probation. Thereafter, on the same day he pleaded guilty to a separate charge of sexual assault in the first degree and received a sentence consisting of a term of twenty years concurrent with the earlier sentence. It is the dismissal of the petition for the writ of habeas corpus addressing the second sentencing that is the basis of this appeal.

The defendant entered into a plea agreement, the terms of which were that the defendant agreed to plead guilty under the *Alford* doctrine; *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1972); and the state agreed to recommend that a twenty year sentence be imposed to be concurrent with the earlier sentence, and that the defendant's attorney had the right to argue for a lesser sentence. The state also agreed to nolle two other criminal charges.

It is the position of the petitioner that the plea canvass was inadequate in that the court did not explain

---

[1] The petitioner also claims that the habeas court should have restored his right to appeal from his conviction. The petitioner claims that the trial court failed to advise him of the value of his right afforded in a plea agreement to argue for a lesser sentence than that recommended by the state, and that he should be allowed to raise that claim on appeal. The record is clear that the habeas court reviewed that claim. The relief he requests—appellate review—has been allowed by way of the habeas petition and the issue determined by the habeas court after a full hearing.

(1) what the chances were for successfully arguing for a lesser sentence and (2) whether his guilty plea could be withdrawn in the event that arguing for less proved unsuccessful.

The petitioner also contests the plea canvass asserting that in addition to having been told that if the court were not to accept the plea agreement, he would be allowed to withdraw his plea and be allowed to plead not guilty to the original charges, he should also have been advised that he could withdraw his guilty plea if the court imposed the "cap" of twenty years rather than a lesser sentence. The petitioner does not dispute that he was advised and understood that, once the court accepted his plea of guilty, he would not be able to withdraw that plea except by permission of the court, and, then, only upon cause shown.

The petitioner first claims that he did not fully understand the actual value of the right to argue for less. The critical question is whether, at the time of the plea canvass, the reasonably perceived value of the court's implied promise to effect the terms of the plea bargain significantly exceeded the actual value of that promise. See *Sherbo* v. *Manson,* 21 Conn. App. 172, 180, 572 A.2d 378, cert. denied, 215 Conn. 808, 546 A.2d 539 (1990). The habeas court reviewed the canvass and concluded in a lengthy and well reasoned memorandum of decision that the trial court complied with all of the requirements of Practice Book § 711, and that the plea was made knowingly and voluntarily. Since the findings of fact of the habeas court are not disputed, the petitioner has not shown that the canvass, in any way, deprived him of the ability realistically to assess the promise so as to make an intelligent decision to plead guilty. This claim has no merit; the petitioner was fully made aware of the direct consequences of his plea, and fully understood the actual value of the court's promise.

The record clearly discloses that the trial court accepted the defendant's plea by first determining that he was aware of and understood the range and the maximum of the possible sentence to which he was exposed. He knew that his attorney was free to argue for a lesser sentence than the twenty years recommended by the state, that the court would allow him to withdraw his plea if it did not accept the plea agreement, and that the court was free to impose the "cap" or any sentence below that "cap." The petitioner's awareness of the punishment and consequences is evident from the record.

The petitioner also contends that the record must affirmatively disclose that he was told that he would not be allowed to withdraw his plea if he did not receive a lesser sentence than the one recommended by the state. The petitioner's claim that the court had a duty to inform him that he could not withdraw the plea if he did not receive a more lenient sentence presupposes that he has a right to do so if he was not satisfied with the sentence. Obviously, no such right exists. A defendant's unfulfilled expectation does not invalidate the plea. "It is well settled . . . that a guilty plea is not involuntary simply because it was motivated by a hope of getting a lesser sentence." *State* v. *Slater,* 169 Conn. 38, 46, 362 A.2d 499 (1975).

The judgment is affirmed.

In this opinion the other judges concurred.