New trial not to be granted.

---

HILLHOUSE *against* DUNNING :

IN ERROR.

The statute of *May*, 1823, relating to motions in error, is satisfied, when there is an allowance of the motion and a recognizance for the security of the adverse party, without regard to the order in which these facts succeed each other.
The allowance is implied from the taking of the recognizance.

AN action for a libel having been brought, by *Dunning* against *Hillhouse*, which was tried in the superior court, at *Fairfield*, *December* term, 1824 ; and the plaintiff having obtained a verdict ; the defendant procured the record to be transmitted to this Court, for revision in error ; and after argument, the judgment of the superior court was affirmed.(*a*)    *Hillhouse* then brought the present writ of error, assigning for error, that " said superior court did never grant or deny said motion in error, and said cause, on said motion in error, was never before the supreme court of errors."    The record of the motion and of the proceedings thereon was as follows :    " And now the defendant, within twenty-four hours after final judgment in said cause, moves this court, that the record in said cause may be transmitted to the supreme court of errors, next to be holden at *Danbury*, within and for the county of *Fairfield*, on the fourth *Tuesday* of *June*, 1825 ; for the defendant says, that in said process, record and judgment, there is manifest error in this, *viz.* [assigning errors.]    And the defendant here in court moves for a new trial in said cause, and offers to give sufficient security, by recognizance to the adverse party to pay all damages, if he shall fail to prosecute his motion to effect, and prays for a stay of execution : By *Smith* and *Bissell*."

" Superior court, *December* term, 1824.    The defendant in

(*a*) Vid. 6 *Conn. Rep.* 391. 397, 8. 409.

*Fairfield,*
June, 1828.

Hillhouse
*v.*
Dunning.

this cause, with *Nathan Smith,* Esq. of *New-Haven,* as surety, gives bond of 400 dollars, that he will present his motion to the next supreme court of errors, to be holden at *Danbury,* in *June* term next, and answer all damages, if he fail to prosecute the same to effect."

To this writ of error the defendant interposed a plea in bar, setting forth the former proceedings; to which the plaintiff demurred.

*N. Smith* and *C. Chapman,* for the plaintiff in error, contended, That no foundation was laid in the superior court for the legal transmission of the record to the supreme court of errors; and as the case was not legally before the latter court, it has not been determined, and is now open for revision, by writ of error. They remarked, in the first place, that whenever a statute confers a power upon a court to do a particular act, the terms of that statute must be strictly complied with; otherwise, the act of the court under such power is inoperative. *Stoyel* v. *Westcott,* 3 *Day* 349. 352. Secondly, the provisions of the statute of *May* 1823, regarding motions in error, have not been complied with. That statute requires the following procedings: 1st, the filing of a motion, within a limited time, for the transmission of the record; 2ndly, a finding of the superior court, that the motion is not intended for delay, &c.; 3rdly, a recognizance, by the party making the motion; 4thly, an allowance of the motion, by the court; and these proceedings must appear upon the record. But it does not appear, that the court decided, or were of opinion, the motion was not intended for delay, &c.; nor that there was any allowance of the motion. The allowance of the motion is a judicial act, which can be done by the court alone; and the authority of the court to do the act, is subject to the condition that a recognizance is *previously* given. Until a recognizance has been given, the court has no power to act on the motion. It must, therefore appear, not only that the motion was allowed, but that a recognizance was given before the allowance.

*Sherman,* for the defendant in error, insisted, That it did appear from the record, that the statute requisites had been complied with. The statute authorizes the court to allow the motion or not, according to its discretion. The circumstances under which this discretion is exercised, need not appear. In

any event, the court will be deemed to have exercised its discretion soundly.   That the motion was allowed, appears from the taking of the recognizance.   This could not be taken for any purpose but to prosecute the motion ; and as it could not be taken, unless the motion was allowed, the fact of its being taken  necessarily shews the  prior or concomitant fact of allowance.   *The Eagle Bank* v. *Smith* and *Parmelee*, 5  *Conn. Rep.* 71.

*Fairfield,*
June, 1828.

Hillhouse
*v.*
Dunning.

Hosmer, Ch. J.   The act of *May* 1823, (*p.* 27.) provides for the revision of cases, by motions in error, and empowers the court to *allow* the motion, if the party moving shall give sufficient security for prosecution.

The contest between the parties is merely this.   The plaintiff in error insists, that the law requires an allowance of the motion *expressly, after* bonds have been given ; while the defendant contends, that the allowance need not be express ; that it is an act of the court *prior* to the reception of bonds ; and that the act of taking bonds, by implication, is an allowance of the motion.

The record of a court, is the act of the court ; and the clerk is merely a recording officer.   If there appear any mistake of the clerk, in making up the record, the court will direct him to amend it ; and in this, as well as in his other entries, he is entirely ministerial.   From this it follows indisputably, that the bonds given in court are the act of the court, and that the clerk is only the amanuensis.   When the plaintiff gave bond before the superior court, it was not taken by the authority of the clerk, but by the order of the court.   This being admitted, the plaintiff insists, that no implication of a precedent allowance of the motion results from it, as the statute has enjoined, that the recognizance shall first be given, and that *after this*, the court may deliberate on the motion and allow it.

This inversion of the natural order of events and the known familiar rule of practice, is supposed to be founded on the expression of the statute, which authorizes the allowance of the motion, if security shall be given.   The remark is obviously a hypercriticism.   The act in question puts the allowance of the motion entirely on the opinion of the judge as to its merits, without directing the order of proceeding.   By allowing the motion, the law merely intends, that the judge shall authorize the transmission of the record ; taking care, however, to secure

*Fairfield,*
June, 1828.

Hillhouse
*v.*
Dunning.

the adverse party from damages, by exacting a bond for his security    Not a solitary reason has been, or can be, given, why a recognizance should be taken before the allowance of a motion    It is sufficient that security is taken by bond, before the transmission of the case to the court of revision.

Words are always, if possible, to be construed in avoidance of absurdity, and in reference to their subject matter.    On the just application of these principles, every seeming difficulty vanishes.    It would be most palpably absurd for a court to require the entry of a recognizance, and, as ancillary to it, to determine the amount of the bond and the sufficiency of the surety, and after all this hypothetical procedure, to settle the question whether the motion shall, or shall not, be allowed. The natural order of proceeding, dictated by good sense, is, first to allow a motion. and then it is early enough to take a bond of recognizance.    This course is prescribed by convenience and common sense.    Nor can any reason be discerned for the supposed requisition of the law, that an act in its nature posterior, and necessarily so, should have a priority given to it.    The law is fully observed, when there is an allowance of a motion, and a recognizance for the security of the adverse party ; and it is unreasonable to believe, that the legislature intended to prescribe the order in which these acts should succeed each other.

When the subject matter is considered, this reasoning is irresistible.    It is well known, as a matter of practice, that the taking of a bond, in cases of error or appeal, is the last act of the court ; nor with common decency can it be supposed, that the legislature was unacquainted with this notorious fact    The bond is never taken until a writ of error or an appeal is allowed ; and hence the allowance is clearly implied from receiving the bond.

The analogies on this subject are numerous.

In all appealable cases, the court is enjoined to allow the aggrieved party an appeal ; but the allowance is seldom expressed on the record.    In general, the party appeals ; a recognizance is taken ; and from this act the allowance is implied.

No writ of error is signed until after a careful perusal and allowance by the judge.    But the allowance is never expressed. It is an implication arising from the judge's signature.

On the same principle, it was determined, in *The Eagle Bank* v. *Smith* and *Parmelee.* 5 *Conn. Rep.* 71. that the allowance

of a motion for a new trial, on the ground that the verdict was against the evidence, implied an opinion of the judge that such was the fact.

*Fairfield,*
June, 1828.

Hillhouse
*v.*
Dunning.

It certainly is no overstrained presumption, that an act in its nature and in practise posterior to another, should imply it ; and more particularly, when the posterior act is useless and nugatory, if the prior act does not exist

I, then, with entire satisfaction, come to this conclusion ; that the motion in error was allowed, and is so proved to have been, by the taking of the recognizance ; and I know, that the latter is always the last act of the court.

PETERS, J. was of the same opinion.

LANMAN, J. was inclined to dissent. The statute under which this proceeding was had, requires certain things to be done ; and it must appear from the record, that these requirements have been complied with ; but it does not so appear, that the motion was allowed.

BRAINARD, J. was absent ; and DAGGETT, J. having been of counsel in the cause, gave no opinion.

Plea in bar sufficient.