STATE OF CONNECTICUT *v.* VINCENT MORICO
(5723)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 3, 1987—decision released April 12, 1988

*Michael J. McClary,* for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, was *Mary M. Galvin,* state's attorney, for the appellee (state).

O'CONNELL, J. This is an appeal by the defendant from a judgment of conviction of the crimes of assault in the first degree, in violation of General Statutes § 53a-59 (a) (1), and carrying a pistol or revolver without a permit, in violation of General Statutes § 29-35. The sole issue presented on appeal is whether the trial court erred in denying defense counsel's motion to withdraw from the case. We find no error.

The following facts are not in dispute. On February 26, 1986, the defendant was arrested in connection with the shooting of his former wife's boyfriend. Two days after his arrest, the defendant was hospitalized

at the Connecticut Mental Health Center. On March 14, 1986, he was transferred to Whiting Forensic Institute (Whiting). Following an examination pursuant to General Statutes § 54-56d, the defendant was found competent to stand trial and was returned to the custody of the department of correction. A readmission to Whiting followed and, after a second competency evaluation, the defendant was again adjudged competent to stand trial. The defendant was once again transferred to the custody of the department of correction, pursuant to a conclusion by the director of forensic services at Whiting that the defendant "does not suffer from a treatable mental illness that would require continued hospitalization." The defendant was represented by an assistant public defender from the time of his arrest until August 19, 1986, when he obtained private counsel.

A notice of mental disease or defect was not filed by either the assistant public defender or by private counsel. See Practice Book § 758. In addition, private counsel indicated prior to the commencement of trial that he never intended to raise a mental disease or defect defense.[1]

After the jury had been selected, but before it had been sworn, the defendant conferred with his counsel, resulting in the counsel's motion for permission to withdraw from the case because the defendant had become dissatisfied with his representation.[2] The trial court

---

[1] In a colloquy with the court regarding the anticipated jury charge which, took place prior to trial, and in response to the judge's statement that he would not charge the jury with regard to a mental disease or defect defense, the defendant's trial counsel stated: *"I don't intend and never did intend to request this court to charge on that issue,* your Honor." (Emphasis added.)

[2] The defense counsel's request was phrased as follows: "I request permission to withdraw as defense counsel. I think we have fundamental differences between myself and the defendant. The defendant has just so informed me. It is a quarter after two in the afternoon. I am not sure if I have the full competency [sic] of my client, Mr. Morico. I request permission to withdraw."

addressed the defendant directly and learned that the reason for his dissatisfaction was his lawyer's refusal to raise a mental illness defense.[3] The record indicates that the court made a sufficient inquiry into the reasons behind the defendant's dissatisfaction to meet its obligations under *State* v. *High,* 12 Conn. App. 685, 689, 533 A.2d 1217 (1987).

The trial court advised the defendant that the evaluations of the defendant's mental state contained in the court record did not indicate that such a defense was warranted, and that a notice of mental disease or defect would not be accepted at that time.[4] Further, the trial court noted that the defendant had already changed

---

[3] The following colloquy ensued:

"The Court: What do you have to say about that, Mr. Morico?

"The Defendant: Your Honor, I feel that in the last week or so of my consultation I was trying to make Mr. Farrell understand that I felt that my mental illness would be a part of this case and I wanted him to have doctors and people who have seen me from Connecticut Mental Health for the last two years that I have been under their care. I didn't know anything had to be submitted to the public defender or I would have had it done sooner. I thought it was going to come out in the case. I feel like I am being misrepresented and my rights are being neglected here. I feel I have the right to make my plea of temporary insanity and have the doctors brought in.

"The Court: Mr. Morico, there's a report in the file, in the court file which is an official court record concerning your examination for mental conditions and there's no indication of anything like that at all.

"The Defendant: I feel that is inadequate. That is not people that have seen me before the incident.

"The Court: This is your second attorney, Mr. Morico. We have a jury out here ready to go. It is a little bit too late for you now to request to have your counsel withdraw and have another counsel appointed for you. If this were a situation where trial were going to be three months down the road, it might be different but there's no—we have a jury all picked. We are ready to go. The request for counsel to withdraw from this case is denied. You have an exception to it. We will proceed with the trial.

"[Defense Counsel]: Exception, please.

"The Court: Bring the jury in."

[4] The defendant does not raise as error the trial court's unwillingness to accept a notice of mental disease or defect defense, if submitted, but only claims as error the trial court's ruling on the motion to withdraw.

counsel once since his arrest, that a jury had been selected and that trial was about to commence. The motion to withdraw was denied, an exception was taken, the trial continued, and the defendant was ultimately found guilty of both crimes charged.

The considerations to be addressed in an examination of a motion for alternate counsel or a motion to withdraw were recently discussed by this court in *State* v. *High,* supra. "There can be no dispute that a criminal defendant has a constitutional right to the effective assistance of counsel. *McMann* v. *Richardson,* 397 U.S. 759, 771 n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *Levine* v. *Manson,* 195 Conn. 636, 639, 490 A.2d 82 (1985); that right, however, is not without limitation. For example, the right to counsel does not include the ' "unbridled right to discharge counsel *on the eve of trial . . . .* " ' (Emphasis in original.) *State* v. *Drakeford,* [202 Conn. 75, 83, 519 A.2d 1194 (1987)], quoting *United States* v. *Grow,* 394 F.2d 182, 209 (4th Cir.), cert. denied, 393 U.S. 840, 89 S. Ct. 118, 21 L. Ed. 2d 111 (1968). This limitation applies to both private counsel retained by an individual defendant as well as court appointed counsel. See *State* v. *Gethers,* 193 Conn. 526, 543, 480 A.2d 435 (1984), and cases cited therein. Furthermore, it is clear that the right to effective assistance of counsel does not include an 'unlimited opportunity to obtain alternate counsel.' *State* v. *Watson,* 198 Conn. 598, 610, 504 A.2d 497 (1986). Inherent in these limitations is a concern for unwarranted interruptions in the administration of justice. 'While courts must be assiduous in their defense of an accused's right to counsel, that right may not be "manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." ' *United States* v. *Calabro,* 467 F.2d 973, 986 (2d Cir. 1972), quoting *United States* v. *Bentvena,* 319 F.2d 916, 936 (2d Cir.), cert. denied sub nom.

*Ormento* v. *United States,* 375 U.S. 940, 84 S. Ct. 345, 11 L. Ed. 2d 271 (1963); see also *United States* v. *DiTommaso,* 817 F.2d 201, 219 (2d Cir. 1987). With these competing interests in mind, we review the actions of the trial court in this case." *State* v. *High,* supra, 690.

"The standard when reviewing a denial of a request for alternate counsel [and of a motion to withdraw] is whether the trial court abused its discretion in determining that a factual basis did not exist for granting the request." Id.

Our Supreme Court further enunciated that requirement, stating that "[a] request for substitution of counsel requires support by a *substantial reason,* and may not be used to achieve delay." (Emphasis added.) *State* v. *Drakeford,* supra, 83. The defendant in the present case contends that his dissatisfaction with his trial counsel's failure to present a defense of mental disease or defect on his behalf, constitutes such a substantial reason. We disagree.

The record discloses that defense counsel's motion to withdraw was motivated by the defendant's dissatisfaction with counsel's failure to pursue a mental disease or defect defense. Such a failure may have been a tactical move taken by a defense attorney who had determined that such a defense was inapplicable in the present case.[5] Under these circumstances, denial of the motion for withdrawal was not error. "Differences of opinion over trial strategy are not unknown and do not necessarily compel the appointment of new counsel. . . . In *United States* v. *Calabro* [467 F.2d 973, 986 (2d Cir. 1972), cert. denied, 410 U.S. 926, 985–86, 93 S. Ct. 1357, 35 L. Ed. 2d 587, reh. denied, 411 U.S. 941, 93 S. Ct. 1891, 36 L. Ed. 2d 404 (1973)], the court

---

[5] See footnote 1, supra.

cited with approval the American Bar Association Project on Standards for Criminal Justice: '[A] defendant is entitled to make the ultimate decision only in regard to whether to plead guilty, whether to waive a jury, and whether to testify; "all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client." ' Standards Relating to the Prosecution Function and the Defense Function, The Defense Function § 5.2 (1971)." *State* v. *Drakeford,* supra, 83.

Alternatively, if defense counsel's failure to file a notice of mental disease or defect defense constitutes inadequate representation, then redress should be pursued in a habeas corpus proceeding and not upon direct appeal. If "this argument is, in essence, a disguised allegation of ineffective assistance of counsel, it is governed by our decisions requiring such claims to be pursued on a petition for new trial or on a petition for a writ of habeas corpus, rather than on direct appeal, so that a complete factual record can be developed." (Footnote omitted.) *State* v. *Gonzalez,* 205 Conn. 673, 684, 535 A.2d 345 (1987). "In the absence of a factual record showing an abuse of discretion, the trial court's failure to permit the withdrawal of counsel is not reversible error." *State* v. *Watson,* 198 Conn. 598, 610, 504 A.2d 497 (1986). We conclude that the trial court did not abuse its discretion in its denial of defense counsel's motion to withdraw.

The defendant also claims that the motion to withdraw, and the defendant's statements in support thereof, constituted an implicit motion for continuance which should have been granted by the trial court. While the defendant's presentation of this matter as a collateral issue raises a question as to its reviewability, because both parties have addressed it in their briefs, we have chosen to consider it. Applying the

appropriate standard of review, however, we find no "clear abuse" of the trial court's discretion. *State* v. *Watson,* supra, 610.

There is no error.

In this opinion the other judges concurred.