# STATE OF CONNECTICUT *v.* RAHMEL TURNER
## (AC 25335)

Schaller, McLachlan and Peters, Js.

Argued May 23—officially released August 23, 2005

*Ruth Daniella Weissman,* special public defender, for the appellant (defendant).

*Lisa A. Riggione,* senior assistant state's attorney, with whom, on the brief, were *John A. Connelly,* state's attorney, and *David A. Gulick,* assistant state's attorney, for the appellee (state).

*Opinion*

SCHALLER, J. The defendant, Rahmel Turner, appeals from the judgment of conviction, rendered after a guilty plea made pursuant to the *Alford* doctrine,[1] of assault of public safety personnel in violation of General Statutes § 53a-167c. On appeal, the defendant claims that the trial court improperly denied his oral motion to withdraw his plea.[2] The defendant argues that the plea violated the requirements of our rules of practice and his federal and state constitutional rights to due process in that the plea was not entered knowingly and voluntarily because (1) it was not supported by a factual basis, and (2) he did not understand the nature of the charge and the elements of the crime. We conclude that the plea was supported by an adequate factual basis and that the court properly determined that the defendant understood the nature of the charge and the elements of the crime. Accordingly, we affirm the judgment of the trial court.

[1] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] In addition, the defendant pleaded guilty to sale of narcotics by a person who is not drug-dependent in violation of General Statutes § 21a-278 (a). The defendant is not challenging the validity of that plea.

The following facts are relevant to our discussion and were stated by the prosecutor to the court prior to its acceptance of the defendant's plea. On April 17, 2003, the Waterbury police department received an anonymous complaint that three individuals were selling narcotics near 335 Oakville Avenue. In response, police officers were dispatched to the area, where they observed the individuals, including the defendant, engaged in what the officers believed to be unlawful narcotics transactions. As a result, the officers placed the defendant under arrest. As the officers attempted to apprehend the defendant, the defendant pushed one of the officers and fled from the scene. When the officers eventually caught up with the defendant, he swung at one of the officers with a closed fist, hitting the officer in the face. The defendant subsequently was apprehended and charged with various crimes, including assault of public safety personnel, which serves as the basis of this appeal.[3]

On January 6, 2004, the defendant pleaded guilty to sale of narcotics by a person who is not drug-dependent and to assault of public safety personnel.[4] Before accepting the plea, the court canvassed the defendant, asking him whether he had had enough time to talk to his attorney, whether he discussed the nature and elements of the charges with her and whether he was satisfied with her advice. The defendant answered all three of the questions in the affirmative.[5] The court

---

[3] In addition to being charged with sale of narcotics by a person who is not drug-dependent; see footnote 2; and assault of public safety personnel, the defendant was charged with possession of narcotics within 1500 feet of a school in violation of General Statutes § 21a-279 (d), escape from custody in violation of General Statutes § 53a-171, threatening in the second degree in violation of General Statutes § 53a-62 (a) (1) and interfering with an officer in violation of General Statutes § 53a-167a.

[4] Pursuant to the plea agreement, the additional charges were nolled.

[5] The following colloquy occurred between the defendant and the court:

"The Court: All right, sir. Have you had enough time to talk to your lawyer?

"[The Defendant]: Yes.

"The Court: Are you satisfied with her advice?

found that a factual basis existed for the plea and that the defendant entered the plea knowingly, intelligently and voluntarily.[6] The court accepted the plea and scheduled a sentencing date of February 20, 2004.

On February 20, 2004, prior to the imposition of sentence, the defendant himself made an oral motion to withdraw his plea.[7] The defendant asserted that the plea was the result of ineffective assistance of counsel.[8] The defendant also expressed that there was not a sufficient factual basis for the court to have accepted his plea, and that he did not understand the nature of the charge and the elements of the crime. The court denied the motion and sentenced the defendant to a mandatory minimum sentence of five years imprisonment on the narcotics count and five years concurrent on the charge of assault of public safety personnel. This appeal followed.

---

"[The Defendant]: Yes.

"The Court: Are you under the influence today of any alcohol, drugs or medication?

"[The Defendant]: No.

"The Court: Are you currently on probation or parole?

"[The Defendant]: No.

"The Court: Did you go over the nature of the elements of the charges you pleaded to and the maximum and mandatory minimum sentences with [your attorney]?

"[The Defendant]: Yes."

[6] Before accepting the plea, the court stated that it was making a finding that the "plea is knowingly and voluntarily made with the assistance of competent counsel. There's a factual basis. Accepted."

[7] The defendant's oral motion was made in the presence of his attorney, who immediately following the conclusion of the motion, made an oral motion to withdraw as counsel. The court granted the motion to withdraw as counsel, and the defendant subsequently was appointed a special public defender.

[8] The defendant has abandoned his claim, arguing instead that "although the issue of ineffective assistance of counsel could not be addressed properly in this direct appeal of [the defendant's] plea, because a habeas proceeding would be necessary to provide an adequate record for review, nonetheless it is proper for the court to consider the history of [the defendant's] allegations of ineffective assistance of counsel . . . in determining whether his plea was voluntary and intelligent."

As a preliminary matter, we identify the legal principles and the standard of review germane to our discussion. "A . . . plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Citation omitted; internal quotation marks omitted.) *State* v. *Winer*, 69 Conn. App. 738, 744, 796 A.2d 491, cert. denied, 261 Conn. 909, 806 A.2d 50 (2002). With the foregoing in mind, we now turn to the defendant's specific claims.

I

The defendant's first claim is that his plea violated the requirements of the rules of practice and his federal and state constitutional rights to due process in that it was not entered knowingly and voluntarily because it was not supported by a factual basis.[9] We conclude that the plea was supported by an adequate factual basis.

"A factual basis exists where the facts before the court are sufficient to establish each and every element of the crime charged." *State* v. *Pena*, 16 Conn. App. 518, 523, 548 A.2d 445, cert. denied, 209 Conn. 830, 552 A.2d 1217 (1988). "In determining whether a factual basis exists, the court may consider the facts recited by the state's attorney as well as any other facts properly submitted to the court which support a conviction." Id.

Section 53a-167c (a) provides in relevant part: "A person is guilty of assault of public safety . . . person-

---

[9] The state argues that the issue was not properly preserved. Because we conclude that the defendant's oral motion to withdraw his plea raised this issue, we will afford it review.

nel when, with intent to prevent a reasonably identifiable peace officer . . . from performing his or her duties, and while such peace officer . . . is acting in the performance of his or her duties, (1) such person causes physical injury to such peace officer . . . ." Therefore, "[t]he elements of . . . § 53a-167c (a) (1) are: (1) intent to prevent a reasonably identifiable peace officer from performing his duties; (2) the infliction of physical injury to the peace officer; and (3) the victim must be a peace officer." (Internal quotation marks omitted.) *State* v. *Casanova*, 54 Conn. App. 714, 720, 738 A.2d 668 (1999), rev'd on other grounds, 255 Conn. 581, 767 A.2d 1189 (2001). The defendant argues that an adequate factual basis was lacking because the prosecutor failed to assert that the officer was performing his duty at the time of the assault and because the prosecutor failed to assert that the officer was injured as a result of the assault. We are not persuaded by either argument.

"[A] police officer has the duty to enforce the laws and to preserve the peace. . . . If he is acting under a good faith belief that he is carrying out that duty, and if his actions are reasonably designed to that end, he is acting in the performance of his duties. . . . The phrase in the performance of his official duties means that the police officer is simply acting within the scope of what [he] is employed to do." (Internal quotation marks omitted.) *State* v. *Porter*, 76 Conn. App. 477, 490, 819 A.2d 909, cert. denied, 264 Conn. 910, 826 A.2d 181 (2003). The prosecutor, when stating the factual basis to support the plea, alleged that the defendant hit the officer in the face with a closed fist while the officer was attempting to arrest the defendant for selling illegal contraband. A police officer is clearly performing his duty under such circumstances. We determine, there-

fore, that the facts before the court were sufficient to establish the element of duty.[10]

The defendant next argues that an adequate factual basis was absent because the prosecutor failed to assert that the officer was physically injured during the incident. That argument is without merit. General Statutes § 53a-3 (3) defines physical injury as an "impairment of physical condition or pain . . . ." The state asserted to the court prior to the acceptance of the plea that the defendant had "swung at one of the officers [and] hit him in the left facial area." The defendant's conduct, as reported by the state, provided a basis for the court to find that the officer suffered pain as a result of being hit in the face with a closed fist. See *State* v. *Niblack*, 220 Conn. 270, 282, 596 A.2d 407 (1991). The defendant's claim that an adequate factual basis was lacking because the state failed to assert that the officer was physically injured during the incident is without merit.

We conclude, therefore, that the facts before the court established each element of § 53a-167c. Accord-

_____

[10] The defendant further argues that "[n]owhere in the record did the state allege that in order to arrest [the defendant], the peace officers reasonably believed it was necessary to beat him to the extent that he required a three-day stay at St. Mary's Hospital, along with plastic and ophthalmologic consultants before his discharge. Any evidence of such a reasonable belief is missing from the record. As such, it is reasonable to infer that the officers were engaged in frolic and that any injury possibly sustained by an officer being hit was in fact justified and defensible."

The defendant is correct that unreasonable and unnecessary force by a police officer would place the actions outside the performance of that officer's duties. *State* v. *Salters*, 78 Conn. App. 1, 5–6, 826 A.2d 202, cert. denied, 265 Conn. 912, 831 A.2d 253 (2003). In this case, however, there was nothing before the court prior to the acceptance of the plea that would even remotely suggest that the officers used unreasonable and unnecessary force because that issue was raised for the first time by the defendant during his motion to withdraw the plea. Moreover, the medical records that the defendant offered in support of his argument are outside the record. Because it is well settled that this court will not consider matters extrinsic to the formal record, we disregard those documents and any reference to them. See *Daniels* v. *Commissioner of Correction*, 86 Conn. App. 62, 69, 859 A.2d 954 (2004). Accordingly, we do not address that argument.

ingly, the plea was supported by an adequate factual basis.[11]

## II

The remaining issue is whether the court adequately determined that the defendant understood the nature of the charge and the elements of § 53a-167c.[12] The defendant claims that his plea was not made knowingly and voluntarily because he did not understand the nature of the charge and the elements of the crime. We disagree.

"The United States Supreme Court has stated that where a trial court does not inform a defendant during a plea proceeding about the elements of the crime charged, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Internal quotation marks omitted.) *State* v. *Williams*, 60 Conn. App. 575, 581–82, 760 A.2d 948, cert. denied, 255 Conn. 922, 763 A.2d 1043 (2000). Similarly, our Supreme Court has held that a trial court "[is] entitled to presume that defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he

[11] Because we resolve the defendant's claim on nonconstitutional grounds, we need not address his constitutional claim that an adequate factual basis was required. It is well settled that we need not reach an appellant's constitutional claims if the appeal can be sustained on nonconstitutional grounds. See *Grace Community Church* v. *Planning & Zoning Commission*, 42 Conn. Sup. 256, 259, 615 A.2d 1092 (1992), aff'd sub nom. *Grace Community Church* v. *Bethel*, 30 Conn. App. 765, 622 A.2d 591, cert. denied, 226 Conn. 903, 625 A.2d 1375, cert. denied, 510 U.S. 944, 114 S. Ct. 383, 126 L. Ed. 2d 332 (1993).

[12] The state argues that the issue was not properly preserved. We disagree. Although the defendant did not explicitly argue during his motion to withdraw the plea that he did not understand the nature and elements of the charge, the defendant did argue that his trial counsel did not explain the law to him. We conclude, therefore, that the issue was properly preserved.

is being asked to admit." (Internal quotation marks omitted.) *State* v. *Eason*, 192 Conn. 37, 44–45, 470 A.2d 688 (1984), overruled in part on other grounds, *Paulsen* v. *Manson*, 203 Conn. 484, 491, 525 A.2d 1315 (1987). In addition, the trial court "may properly rely on the defense attorney's representations, as well as the responses of the [defendant] at the time he responded to the trial court's plea canvass, in determining that he was adequately informed of the elements of the offense charged." *Bowers* v. *Warden*, 19 Conn. App. 440, 443, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989).

A review of the record supports the presumption that defense counsel informed the defendant of the elements of the crimes charged. Nothing before the court at the time the defendant entered the guilty plea suggested otherwise.[13] Moreover, the defendant was specifically asked by the court: "Did you go over the nature [and] elements of the charges you pleaded to and the maximum and mandatory minimum sentences with [your attorney]?" The defendant responded, "Yes." We conclude, therefore, that the court adequately determined that the defendant understood the nature of the charge and the elements of the crime. Accordingly, the defendant's plea was made knowingly and voluntarily.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[13] The defendant alleged for the first time during his motion to withdraw his plea that he did not understand the law. Because that allegation was not brought to the court's attention until after the plea was accepted, we need not consider it in our analysis. Furthermore, the presumption that defense counsel informed his client of the elements of the crimes charged is not lost simply because the client belatedly claims that his previous attorney neglected to do so. We therefore are not persuaded by the defendant's argument that the court should not have presumed that defense counsel at the time of the plea informed him of the elements of the crime charged because the defendant filed a grievance against his previous attorney.