STATE OF CONNECTICUT *v.* GARY
WILLIAM STOCKING
(AC 31902)

Gruendel, Espinosa and Lavery, Js.

Argued May 19—officially released August 30, 2011

*Daniel J. Foster*, special public defender, for the appellant (defendant).

*Melissa Patterson*, assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *Maureen Platt Temchin*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ESPINOSA, J. The defendant, Gary William Stocking, appeals from the judgment of conviction rendered by the trial court, following his guilty plea under the *Alford*

doctrine,[1] for possession of child pornography in the second degree in violation of General Statutes § 53a-196e (a). The defendant claims that the court improperly denied his motion to withdraw his guilty plea. We affirm the judgment of the trial court.

The record reflects the following relevant procedural history. On July 28, 2009, the defendant appeared before the court and pleaded guilty under the *Alford* doctrine to one count of possession of child pornography in the second degree. The prosecutor set forth the factual basis for the plea, which may be summarized as follows. On April 24, 2008, Middletown police officers responded to a domestic dispute complaint at a residential address. Upon their arrival at the scene, the police learned that the defendant had physically assaulted his elderly stepfather, was armed and dangerous, and had barricaded himself in a bedroom.

After a one-half hour standoff, the police apprehended the defendant. The police entered the residence and, specifically, the defendant's bedroom, where they observed child pornography, in plain view, in the form of photographic images of very young nude children. Based on their observations in the bedroom, the police also had a reason to suspect that, during the standoff, the defendant had attempted to destroy or hide computer equipment. After the police took the defendant into custody, he voluntarily told police that he had been in an argument with his stepfather. Additionally, the defendant told the police that he had a sexual interest

[1] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 558 n.2, 941 A.2d 248 (2008).

in children and that, although he had not had sexual contact with a child, he believed that such contact should be lawful. He opined that the images of children in his possession were not pornographic in nature, but were art. The police applied for and obtained a search warrant for the residence. The search yielded photographic images of children in the nude or posed in sexually provocative ways, as well as photographic storage devices, such as DVDs, CDs and floppy discs, all of which contained digital images of a similar nature.

The prosecutor represented that, in exchange for the defendant's guilty plea, the state would enter a nolle prosequi with regard to any pending charges against the defendant related to the domestic dispute with his stepfather, that there would not be a federal prosecution related to the defendant's possession of child pornography and that the state would recommend a sentence of ten years incarceration, execution suspended after four years, followed by five years of probation on the possession of child pornography charge. The recommended sentence included mandatory sex offender registration as well as mandatory sex offender evaluation and treatment.

After the court conducted a lengthy canvass of the defendant concerning the nature of his plea, the court found that the plea was "voluntary, understandably made, with the assistance of competent counsel." The court found that there was a factual basis for the plea, accepted the plea and made a finding of guilt.

On November 24, 2009, prior to the sentencing hearing, the defendant filed a motion for permission to withdraw his guilty plea.[2] The defendant asserted that he

---

[2] At a hearing on September 22, 2009, the defendant's attorney, James McKay, informed the court that the defendant was requesting the appointment of a different attorney and that he wanted to withdraw his plea. Subsequently, on October 20, 2009, the court appointed attorney William Paetzold to represent the defendant in connection with his motion to withdraw his plea.

was dissatisfied with the representation afforded him by his attorney, James McKay, and that McKay had pressured him into entering his guilty plea. He also claimed that the police entry into his home following his arrest was illegal and that the images of children seized by the police were the fruit of police illegality. The defendant argued that McKay failed to apprise him of the legal issues relevant to his case, that McKay "deceived him into pleading guilty" and that his guilty plea was made without the effective assistance of counsel.

The court conducted an evidentiary hearing on the defendant's motion on December 10, 2009, and issued an oral ruling denying the motion.[3] The court found that prior to the plea, McKay discussed with the defendant issues related to the legality of the police search and seizure. However, while the court briefly identified issues related to the legality of the search and seizure, it did not resolve those constitutional issues.[4] Rather, the court focused on the defendant's responses to its canvass at the time of the plea. The court emphasized the fact that the defendant, at the time of the plea, stated that he understood that in accepting the plea agreement, he was giving up his right to present defenses. The court noted that the defendant bargained for a favorable sentence in that he was to be sentenced on only one count, that he had been exposed to a five year mandatory minimum sentence and that he would not face prosecution by the federal government. The court stated that, at the time of his plea, the defendant represented that he was satisfied with McKay's advice

---

[3] The court subsequently signed a transcript of its ruling, thereby complying with Practice Book § 64-1.

[4] The court stated that, in its consideration of the motion for permission to withdraw the plea, it had not conducted an evidentiary hearing with regard to the search and seizure issues. Nonetheless, the court credited the testimony of McKay that, had the case proceeded to trial, he would have filed and litigated motions to suppress evidence.

and that nobody had forced or threatened him to plead guilty. On the basis of its review of the record and the evidence, the court concluded that the defendant, exercising "his own free choice," decided to forgo his right to raise a viable defense on search and seizure grounds in exchange for the certainty of a lesser punishment. The court concluded that the favorable plea agreement was not the result of ineffective assistance of counsel and that it would not permit the defendant to withdraw the plea based upon his mere dissatisfaction with his earlier, voluntary decision to accept the plea agreement offered by the state. This appeal followed. By way of an articulation, dated July 23, 2010, the court found that McKay had not rendered ineffective assistance, that there had been adequate time for the defendant to make a decision concerning the state's plea agreement and that McKay had not exerted any improper pressure on the defendant.

Before turning to the merits of the defendant's claim,[5] we set forth our standard of review. "A . . . plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Internal quotation marks omitted.) *State* v. *Turner*, 91 Conn. App. 17, 21, 879 A.2d 471, cert. denied, 276 Conn. 910, 886 A.2d 424 (2005). Practice Book § 39-27 provides in

---

[5] In his principal brief, the defendant divides his claim into two distinct claims; first, whether he received ineffective assistance and, second, whether the court improperly denied his motion to withdraw on the basis of ineffective assistance. We do not view these claims as separate and distinct, but intertwined in our analysis of whether the court properly denied the motion to withdraw and, thus, we shall analyze the claims as one claim.

relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows . . . (4) The plea resulted from the denial of effective assistance of counsel . . . ."

Generally, ineffective assistance of counsel claims are not properly raised in a direct appeal, but, rather, by a petition for a new trial or a writ of habeas corpus, which provide an opportunity for the trial court to conduct an evidentiary hearing related to the claim of ineffective assistance. See, e.g., *State* v. *Leecan*, 198 Conn. 517, 541, 504 A.2d 480 ("a claim of ineffective assistance of counsel is more properly pursued on a petition for new trial or on a petition for a writ of habeas corpus rather than on direct appeal" [internal quotation marks omitted]), cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986). Practice Book § 39-27 "provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal quotation marks omitted.) *State* v. *Gray*, 63 Conn. App. 151, 161–62, 772 A.2d 747, cert. denied, 256 Conn. 934, 776 A.2d 1151 (2001).

The gist of the defendant's argument is that McKay was ineffective in that he failed to adequately research the issue of whether the images seized from the defendant's bedroom were the fruit of police illegality and that he failed to advise the defendant that there was "a very strong likelihood that all of the evidence of

the crime to which [he] pled guilty would have been suppressed." The defendant argues that McKay's failure to accurately advise him of his favorable chances of prevailing on a motion to suppress the images seized from his bedroom rendered his plea unknowing and involuntary, and that "if [he] had been advised that literally all of the evidence against him would likely be suppressed, he would not have pled guilty."

The evidence presented at the hearing on the motion to withdraw the plea amply supports the court's finding that on numerous occasions McKay advised the defendant that he had the right to challenge the legality of the search of his bedroom. Although the defendant claims that McKay was deficient in failing to advise him that there was a "very strong likelihood" that the trial court would have suppressed this evidence, the evidence and the court's findings make clear that the defendant was well aware that a motion to suppress the evidence would have been pursued by McKay, had the defendant elected to proceed to trial.

In denying the defendant's motion to withdraw the plea, the court properly focused on the fact that the plea bargain accepted by the defendant did not merely cover the possession of child pornography charge, but all of the charges related to his criminal conduct on April 24, 2008. For his possession of images of nude children in electronic format, the defendant had been charged with possession of child pornography in the first degree, a felony offense that carried a penalty of up to twenty years incarceration. See General Statutes §§ 53a-196d and 53a-35a. He was charged with several criminal offenses related to his domestic dispute with his stepfather, offenses that subjected him to an additional ten year term of incarceration. The prosecutor represented, as part of the plea bargain, that the defendant would not be subject to federal prosecution on

child pornography charges and that, if federal prosecutors pursued the matter, the state would agree to the defendant's withdrawal of the plea. Additionally, there was evidence that the defendant had rejected an earlier plea offer from the state that would have subjected him to a greater sentence of twelve years incarceration, suspended after five years, followed by five years of probation.

Thus, the record amply supports the finding that the defendant, having rejected an earlier plea offer, received the benefit of a reduced term of incarceration in return for his guilty plea. He agreed to a significantly lesser term of incarceration than that to which he was exposed by virtue of the charges against him. The plea agreement included a representation by the state that federal charges would not be pursued, a representation that significantly lessened the likelihood that the defendant would be exposed to multiple prosecutions for the same offense. Moreover, the record reflects that the defendant was well aware that in exchange for a favorable sentence, he was forgoing the right to pursue defenses to the charges pending against him.

In denying the motion to withdraw, the court placed a great deal of emphasis on the defendant's responses to inquiries at the time he entered his plea. Specifically, the court emphasized the defendant's representations that he was not rushed into entering the plea, that he was satisfied with the advice given him by McKay and that he recognized that he was not merely giving up his right to proceed to trial, *but to present any types of defenses to the charges pending against him.*

The court's exercise of discretion in denying the motion to withdraw the plea rested upon its finding that the defendant knowingly, intelligently and voluntarily decided, at the time that he entered the plea, "to cut his losses" and accept a favorable offer from the state.

The court reasonably determined that the defendant's motion was not premised on a showing that McKay had forced him to accept an unfavorable plea agreement, but was premised on his subjective belief that he had a stronger argument in favor of suppressing evidence seized from his bedroom than he realized at the time that he entered his plea. In examining the court's exercise of discretion, we are mindful that "[i]n general, abuse of discretion exists when a court could have chosen different alternatives but has decided the matter so arbitrarily as to vitiate logic, or has decided it based on improper or irrelevant factors." (Internal quotation marks omitted.) *State* v. *Jacobson*, 283 Conn. 618, 627, 930 A.2d 628 (2007). The court logically considered the relevant facts and reasonably concluded that the defendant's change of heart, based on his subjective view of the suppression issue months after he entered his plea, was not a sufficient basis on which to grant the motion. On the basis of all of the circumstances apparent in the record, we conclude that the court's ruling reflected a sound exercise of discretion. Accordingly, we reject the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.